# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JACKIE DEAN BROWN III,

    Movant,

vs.                                                   No. CV 19-00761 RB/KBM
                                                       No. CR 15-02982 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* on the handwritten motion for appointment of counsel filed by Movant, Jackie Dean Brown III, on August 20, 2019. (CV Doc. 1; CR Doc. 66.) The Court will dismiss this proceeding without prejudice.

Movant challenges his conviction and sentence in CR 15-2982 RB based on the recent United States Supreme Court decision in *Rehaif v. United States of America*, 139 S. Ct. 2191 (2019). (CV Doc. 1 at 1; CR Doc. 66 at 1.) On August 21, 2019, the Court notified Movant that it intended to recharacterize his Motion as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (CV Doc. 2.) Pursuant to *Castro v. United States*, when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

540 U.S. 375, 383 (2003). Consistent with *Castro*, the Court notified Brown that it intended to recharacterize his Motion as a first § 2255 motion and afford him an opportunity to withdraw the motion or to amend it to add additional claims he may have. *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate,

1

set aside, or correct sentence must: "(1) specify **all grounds** for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant") (emphasis added). The Court also informed Brown that if he failed to timely amend or withdraw his Motion, then the Motion could be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions contained in 28 U.S.C. §§ 2244 and 2255(h).

The Court granted Brown leave to amend or withdraw his Motion (CV Doc. 1; CR Doc. 66) within 21 days of the entry of its Order and provided him with the forms for a § 2255 motion. (CV Doc. 2.) More than 21 days has elapsed and Brown has neither amended nor withdrawn his Motion. Brown has not responded to the Court's Order or otherwise communicated with the Court in any way. The Motion is insufficient for the Court to discern or proceed on any issues or grounds that he might raise in a § 2255 challenge to his conviction and sentence. Therefore, the Court will decline to recharacterize the Motion as a § 2255 motion and will dismiss this proceeding without prejudice. *Castro*, 540 U.S. at 383. The Court is also without authority to grant Brown's request for appointment of counsel where there is no proper § 2255 motion pending before the Court. *See* Rules 2 and 8(c) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED** that the Motion filed by Movant Jackie Dean Brown III (CV Doc. 1; CR Doc. 66) is **DISMISSED WITHOUT PREJUDICE**, and a future filing by Movant Brown under 28 U.S.C. § 2255 will not be subject to the restrictions on second or successive § 2255 motions.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE